UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Shenzhen Tuko Technology Co., Ltd, <br><br> Plaintiff, <br> v. <br><br> Antennas Direct Inc <br><br> Defendants, | Case: <br><br> Judge: |

# COMPLAINT

Plaintiff Shenzhen Tuko Technology Co., Ltd ("**Tuko**" or "**Plaintiff**"), by and through its undersigned counsel, for its Complaint against Defendant Antennas Direct Inc. ("Antennas Direct" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, declaring that U.S. Patent No. 8,884,839 B2 (the "839 Patent") is unenforceable and invalid due to prior public disclosure and on-sale activities, and for such other and further relief as the Court deems just and proper.

2. In addition to the declaratory judgment regarding the invalidity of the "839 Patent," Plaintiff seeks a finding of trade libel pursuant to the common law, based on Defendant's pattern

of false and misleading complaints submitted to various e-commerce platforms, including but not limited to Amazon.com and Walmart. These complaints have maliciously misrepresented the quality and legitimacy of Plaintiff's products, leading to the wrongful removal of Plaintiff's listings and causing substantial monetary harm to Plaintiff and its distributors.

## THE PARTIES

3. Plaintiff Shenzhen Tuko Technology Co., Ltd. is a limited liability company established and operating under the laws of the People's Republic of China, resides at 2nd Floor, Plant 2, YouCheng Industry Area, Anlan Road, No.9-201, Zhangkengjing Community, Guanhu Street, Longhua District, Shenzhen City, Guangdong Province, China. Plaintiff is an integrated antenna manufacturing company that combines research and development, design, production, and sales.

4. On information and believe, Defendant Antennas Direct, Inc. is an incorporation established under the laws of Missouri State, with its principal office located at 16388 Westwoods Business Park, Ellisville, MO 63021-4522. Defendant operates multiple online stores on multiple e-commerce platforms including but not limited to Amazon.com, Ebay.com and Walmart.

## JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C §§ 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq*.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. This Court has personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through e-commerce platforms including but

not limited to Amazon.com, Ebay.com and Walmart. On information and belief, Defendant has sold products to residents of Illinois. Defendant is engaging in interstate commerce and have wrongfully accused Plaintiff of infringement in the United States, including Illinois.

7. An actual case or controversy exists between the parties to this action. Defendant filed the patent infringement complaints to Amazon and Walmart which resulted in the removal of Plaintiff's product listings. Product delisting from Amazon and Walmart has caused significant financial loss to Plaintiff. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 *et. seq*.

## FACTS

8. Plaintiff owns and operates online e-commerce stores on both Amazon.com and Walmart, selling electronic components used to receive or transmit signals, namely antennas. All of Plaintiff's products are either self-designed or produced based on existing public technology.

9. Defendant's complaints are based on a patent they hold, identified by the number US8,884,839 B2 (hereinafter referred to as the "839 Patent"). See ***Exhibit 1***. This patent purports to disclose an amplified television antenna system, which derives its power from a non-dedicated power source, exemplified by a USB connection.

10. Following Defendant's complaints based on the "839 Patent," Plaintiff's listings on Amazon.com were delisted on June 27, 2024, and subsequently on August 3, 2024, in batches. Similarly, Plaintiff's listings on Walmart were delisted in separate batches on May 20, June 13, and June 17, 2024.

11. Additionally, some of Plaintiff's authorized distributors faced the same fate, with their listings being delisted as a result of the same complaints.

12. The delisting of Plaintiff's products from Amazon.com and Walmart has led to the loss of a significant number of orders and substantial economic harm to Plaintiff and its distributors.

13. The purported improvements of Defendant's "839 Patent" over the prior art are disputed by Plaintiff, who alleges that such features were already disclosed in earlier patents, including US2006/0197707 A1, thus contesting the novelty and validity of the "839 Patent."

## COUNT I
### (Declaration Judgment of Invalidity of U.S. Patent No. 8,884,839 B2)

14. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

15. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

16. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the 839 Patent due to the assertion of the 839 Patent against Plaintiff.

17. As shown above, the design of the 839 Patent was available to the public as prior art and on sale before the filing date of the 839 Patent. Therefore, the 839 Patent is invalid.

18. In the view of the foregoing, Plaintiff is entitled to a judgment declaring that the 839 Patent is invalid under at least 35 U.S.C. §§ 102 and 103.

## COUNT II
### (Declaratory Judgment of Non-infringement of U.S. Patent No. 8,884,839 B2)

19. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

20. As stated, Defendant alleges that Plaintiff's products infringe the 839 Patent.

21. The circumstances show that there is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

22. Plaintiff's products don't infringe the 839 Patent because of they were all designed or produced based on Plaintiff's own design or public available prior art.

23. Plaintiff seeks a declaratory judgment that Plaintiff is not infringing, has not infringed and is not liable for infringing the 839 Patent.

**COUNT III**
**(Common Law Unfair Competition – Trade Libel)**

24. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

25. Plaintiff alleges that Defendant has engaged in trade libel by knowingly making false statements regarding Plaintiff's products to major e-commerce platforms, including but not limited to Amazon.com and Walmart, which has led to delisting of Plaintiff's products.

26. Defendant's false statements were made with the specific intention to exclude Plaintiff and its distributors' products from the market, thereby eliminating competition and gaining an unfair advantage. This conduct is a deliberate attempt to disrupt Plaintiff's business operations and to deceive both e-commerce platforms and marketplace by falsely disparaging the quality and legitimacy of Plaintiff's products.

27. These false statements were more than mere opinions; they purported to be statements of fact, causing actual damage to Plaintiff's business, including loss of sales and damage to its

reputation in the marketplace.

28. Plaintiff has suffered, and continues to suffer, pecuniary damages as a direct and proximate result of Defendant's trade libel, including but not limited to lost profits and the cost associated with restoring its reputation, reinstating listings on major e-commerce platforms and litigation.

29. Plaintiff seeks compensatory damages to redress the harm caused by Defendant's wrongful conduct, as well as punitive damages to punish Defendant for its malicious and knowing falsehoods and to deter Defendant and others from engaging in similar conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff pray for judgement against Defendant as follows:**

1. For a declaration that the "839 Patent" is invalid and unenforceable due to prior public disclosure and on-sale activities.

2. For a declaration that Plaintiff's products do not infringe any valid claims of the "839 Patent."

3. For a finding of trade libel and an award of compensatory damages to Plaintiff for the harm caused by Defendant's false and misleading statements.

4. For an award of punitive damages to Plaintiff to punish Defendant for its malicious and knowing falsehoods and to deter similar conduct in the future.

5. For a judgment that this case is exceptional under 35 U.S.C. § 285, entitling Plaintiff to recover all costs and attorneys' fees associated with this action.

6. For an order requiring Defendant to immediately retract any and all complaints of infringement of the "839 Patent" made to all e-commerce platforms with respect to Plaintiff.

7. For a permanent injunction enjoining Defendant from making any future complaints or representations regarding the "839 Patent" against Plaintiff and its distributors.

8. For an order compelling Defendant to provide proof of compliance with the foregoing injunction within a specified time, with notice to Plaintiff's counsel.

9. For an accounting of all damages suffered by Plaintiff as a result of Defendant's wrongful conduct, including but not limited to lost profits, lost market share, and the cost of corrective advertising.

10. For pre-judgment and post-judgment interest on all damages awarded to Plaintiff at the maximum rate allowed by law.

11. For such other and further relief as this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Date: August 13, 2024

/s/ Huicheng Zhou
Huicheng Zhou Esq.
Alioth Law LLP
One Park Plaza, Suite 600
Irvine, CA 92614
huicheng.zhou@aliothlaw.com
909-284-1929
*Counsel for Plaintiff Shenzhen Tuko Technology Co., Ltd.*